ALPHEUS D. KEYES, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, February 19, 1912.

1. NEGLIGENCE: Street Railways: Driving on Track. Plaintiff sued for damages for injuries received when an electric street car struck the hack which he was driving along a public street, at night. He was driving westward on the street car track and the hack was struck from behind. There was sufficient light for him to have seen a man a block away. The motorman could have seen the hack in time to have avoided the collision

161 App.—35

by the exercise of reasonable diligence. *Held*, that the case was properly submitted to the jury.

2. ———: ———: **Humanitarian Doctrine: Pleading.** Although a petition alleges that plaintiff was in the exercise of ordinary care recovery may be had under the humanitarian or last chance doctrine, where it also contains the allegation that the defendant was guilty of negligence in striking plaintiff while it could have, by the exercise of ordinary care, avoided so doing. There is nothing inconsistent in the two allegations.

3. ———: **Humanitarian Doctrine: Approximate Cause.** The humanitarian theory is a statement of nothing more or less than that of approximate cause, which must exist in every case in order to render the defendant liable for negligence.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield*, Judge.

AFFIRMED.

*John H. Lucas* and *James E. Nugent* for appellant.

(1) The demurrer to the evidence at the close of plaintiff's case should have been sustained. Schmidt v. Railroad, 191 Mo. 228; Bechtenwald v. Railway, 121 Mo. App. 601; Cole v. Railway, 121 Mo. App. 605; Davis v. Railroad, 159 Mo. 1; Theobald v. Transit Co., 191 Mo. 435; McGauley v. Transit Co., 179 Mo. 583; Kennedy v. Railway, 128 Mo. App. 297. (2) The court erred in the admission of incompetent and improper evidence on behalf of the plaintiff. Muth v. Railroad, 87 Mo. App. 434; Campbell v. Railway, 175 Mo. 161. (3) The court committed error in giving instruction number one on behalf of plaintiff. Hite v. Railway, 130 Mo. 132; McGrath v. Railway, 197 Mo. 97.

*McCune, Harding, Brown & Murphy* for respondent.

(1) The demurrer to the evidence at the close of plaintiff's case was properly overruled. Bectenwald v. Railway, 121 Mo. App. 601; Buren v. Transit Co., 104

Mo. App. 231; Zander v. Transit Co., 206 Mo. 467; Degel v. Railway, 101 Mo. App. 56; Shanks v. Railway, 101 Mo. App. 702; Moore v. Railway, 95 Mo. App. 735; Felver v. Railway, 216 Mo. 212; Bensiek v. Railway, 125 Mo. App. 121. (2) The court properly admitted the evidence of James Hoover, touching the speed of the car. It is not necessary that one should be an expert in order to give evidence as to the speed of a train. Hall v. Railway, 124 Mo. App. 672; Donaldson v. Railway, 128 Mo. App. 245; Fledderman v. Railway, 134 Mo. App. 211.

BROADDUS, P. J.—The plaintiff's suit is to recover damages he alleges he sustained by reason of the negligence of defendant's employees. The charge of negligence is as follows: "Plaintiff states that on or about the 26th day of February, 1909, at about eight o'clock p. m. of said date, he was engaged as a hack driver in driving a hack along said Eighteenth street in a westerly direction; that while he was so driving along said Eighteenth street, and while in the exercise of ordinary care on his part, one of defendant's cars in charge of defendant's agents, servants and employees, negligently and carelessly ran into and struck the hack upon which plaintiff was riding as aforesaid, throwing plaintiff to the ground with great force and violence, and injuring plaintiff as hereinafter set out.

"Plaintiff states that defendant, its agents, servants and employees in charge of said car were guilty of negligence in this, that they saw, or by the exercise of ordinary care could have seen plaintiff driving along said street and on the track of defendant, in time to have stopped said car before striking the hack upon which plaintiff was riding as aforesaid, and in time to have prevented the injury to plaintiff; that defendant, its agents, servants and employees in charge of said car, negligently failed to ring the bell and

sound the alarm as a warning to plaintiff of the approach of said car; that defendant's servants and employees in charge of said car saw the dangerous position of plaintiff on its tracks in time to have stopped said car before striking plaintiff, or by the exercise of ordinary care could have seen the dangerous position of plaintiff in time to have done so.''

The answer was a general denial. The evidence shows that plaintiff while driving a hack west on Eighteenth street the hack was struck from behind by one of defendant's cars being operated on said street and plaintiff was thrown out and severely injured. As to the extent of his injuries there is no dispute.

Plaintiff's evidence tended to show that he came upon Eighteenth street from Forest avenue, and when he had proceeded about thirty or forty feet going west he drove onto the defendant's track; that at that time he looked back, but saw no car coming from the east. Plaintiff stated that Eighteenth street is a narrow street and that in order for drivers of teams meeting on the street to pass one of them would have to pull upon the defendant's tracks; that at the time he went upon defendant's tracks he did not do so at that time, in order to let another team pass, but because he saw one coming and that it was his intention to remain on the track until he passed it. It was while so driving that his vehicle was struck by defendant's car coming up from behind. It was night, but there was sufficient light for plaintiff to have seen a man a block away. His statement was that he was struck about two hundred feet from the place where he came upon Eighteenth street.

A witness by the name of Hoover was standing on the corner of Forest avenue and Eighteenth street when plaintiff entered the latter street and turned west on the south side of defendant's tracks; that he did not see the collision because the car was between him and the hack, but that he heard the crash; that

the car was going at the rate of twenty or twenty-five miles an hour and that he heard no bell sounded. A witness by the name of Keller did not see the collision, but it occurred just in front of his place of business and he went to the place at once. He stated that he heard no signals from the car.

Plaintiff does not claim that he looked back for a coming car except when he first came upon the street. The car went fifty or sixty feet after the collision before it stopped. The evidence of other witnesses tended to show that the bell was rung and that the car was not going very fast. It was shown that the night was bright and that the plaintiff could be seen for the distance of several blocks.

The defendant's motorman and conductor were absent in California and their testimony was not introduced. The testimony of several persons on the car was introduced. Some of them testified that the car was coasting down hill and that the motorman was using the brakes to get it under control; that it was slowing down before he made the effort to stop it; that the bell was ringing all the time from the time it left the crossing at Forest avenue. The blinds of the doors and windows were down which prevented them, except one, from seeing the hack struck. The latter stated that the plaintiff came upon the track a few feet ahead of the car. The burden of the testimony of the defendant's witnesses is that the motorman made a strenuous effort to stop the car just before the collision occurred. The judgment was for plaintiff from which defendant appealed.

Taking all the evidence, including that of plaintiff himself, we are of the opinion that he was guilty of negligence under the particular circumstances of the case in going upon defendant's tracks. He should at least have waited until he met some team before he got upon the defendant's tracks and he failed to look at the proper time to see if any car was coming from

the rear. It is true he had the right to use the streets if in doing so he did not obstruct the passage of defendant's cars. If it had been necessary for him to have gone onto the defendant's tracks in order to pass another team he was rightfully there and if defendant's motorman saw or could have seen him in time to have checked his car by a proper effort after he discovered his peril before the collision he would not have been chargeable with negligence. But such, as we have seen, was not the case. He should, it being in the nighttime, have looked back to see if any car was coming from the rear. It is held that under such circumstances while a driver of a vehicle has a right to drive upon the tracks of a street car company if the conditions require it, if he uses ordinary caution in listening for the signal of an approaching car from the rear, and, if he hears one, to withdraw from the tracks; and that the further duty is imposed upon him, if by looking he could see a car approaching from the rear, to get off the tracks and let it pass. [Zander v. Transit Co., 206 Mo. 445.]

It is contended by appellant that the respondent was not entitled to recover on his petition. The argument is that as the petition alleges that plaintiff was in the exercise of ordinary care, he is precluded from recovering on the humanitarian theory. That: ''It is impossible to reconcile any theory of law upon which recovery can be predicated in which plaintiff is in the exercise of ordinary care and at the same time permit a recovery under the humanitarian or last chance doctrine.'' We are unable to see the impossibility of reconciling the two allegations of the petition. They are not inconsistent. The appellant's argument leaves out of consideration the fact that if plaintiff was in the exercise of due care at the time he was on defendant's track and in peril, the defendant would be liable for striking and injuring him, if by the exercise of proper care it could have avoided doing so

under the humanitarian theory. One of the allegations of the petition is that the plaintiff was in the exercise of due care, and the other is that the defendant was guilty of negligence in striking him while it could have, by the exercise of ordinary care, avoided doing so. There is nothing inconsistent in the two allegations.

The term "humanitarian theory" has given rise to many hair-splitting theories, when as a matter of fact, it is a statement of nothing more nor less than that of approximate cause, which must exist in every case in order to render the defendant liable for negligence. And it is held that the humanitarian doctrine does not necessarily presuppose that the injured person was negligent. [Shipley v. Railway, 144 Mo. App. 7; Grout v. Railway, 125 Mo. App. 552.]

The street being well lighted and the plaintiff being in plain sight, we are justified in assuming that the motorman saw the plaintiff on the track in time to have avoided striking him by the exercise of reasonable diligence. And making due allowance for the fact that the motorman was ringing his bell to give plaintiff notice of the approach of the car, and that he had the right to expect that plaintiff would heed it and get off the track, yet if he saw or might have seen that he did not heed the warning, it became his duty to have checked his car in time to have prevented it from reaching plaintiff on the vehicle. The circumstances tended to show that defendant's motorman could have, by the exercise of the necessary vigilance, avoided the collision.

The plaintiff's case was put to the jury on this theory of the case. The defendant's criticism of it is that it authorizes a recovery although the jury may find that plaintiff negligently placed himself in dangerous proximity to the car. This objection has already been answered in discussing the merits or demerits of the petition.

The court gave all defendant's instructions asked covering its theory of the case. It is further contended that the court committed error in the admission of certain evidence offered by plaintiff, but as we believe there is no real foundation for such contention we do not think it necessary to discuss the question. Affirmed. All concur.